UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

**ZAZZALI, P.C.**
570 Broad Street, Suite 1402
Newark, New Jersey 07102
(973) 623-1822
Attorneys for Plaintiffs

| | |
|---|---|
| WINE, LIQUOR & DISTILLERY WORKERS' UNION, UFCW LOCAL 1-D PENSION FUND,<br><br>    Plaintiff,<br><br>v.<br><br>SHERRY-LEHMANN, INC., D/B/A SHERRY-LEHMANN WINE & SPIRITS,<br><br>    Defendant. | **CIVIL ACTION**<br><br><br><br><br><br>**COMPLAINT** |

The Trustees ("Trustees" or "Plaintiffs") of the Wine, Liquor & Distillery Workers' Union, UFCW Local 1-D Pension Fund ("Fund"), by their attorneys, Zazzali, P.C., complaining of Sherry-Lehmann, Inc., d/b/a Sherry-Lehmann Wine & Spirits ("Defendant"), allege as follows:

INTRODUCTION

1.    Plaintiffs seek to recover withdrawal liability pursuant to the Employee Retirement Income Security Act of 1974, as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. §§ 1001-1461 ("ERISA"), and the trust agreement governing the Fund (the "Trust Agreement").

JURISDICTION AND VENUE

2.    This Court has jurisdiction over this matter pursuant to Sections 502(e),(f) and 4301(c) of ERISA, 29 U.S.C. §§ 1132(e),(f) and 1451(c).

3.      Venue lies in this District pursuant to Sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§ 1132(e)(2) and 1451(d), because Defendant resides and does business within the District.

PARTIES

4.      The Trustees administer the Fund's Retirement Plan ("Plan"), which is an employee benefit plan within the meaning of Section 3(3) of ERISA, 29 U.S.C. §1002(3). The Plan was established pursuant to the terms of collective bargaining agreements between the Wine, Liquor & Distillery Workers' Union, UFCW Local 1-D ("Local 1-D"), and various employers who are required to make contributions to the Fund on behalf of their employees who are covered by the collective bargaining agreements.

5.      The Plan provides various pension benefits to covered employees, retirees, and their dependents, and is operated pursuant to the terms of the Trust Agreement.

6.      The Fund's principal office is located at 8402 18th Avenue, Brooklyn, New York, 11214.

7.      The Trustees are both the sponsors of the Plan within the meaning of Section 3(16)(B)(iii) of ERISA, 29 U.S.C. § 1002(16)(B)(iii), and fiduciaries of the Plan within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).

8.      Defendant is a New York corporation that maintains and/or maintained its principal place of business at 505 Park Avenue, New York, New York, 10022.

WITHDRAWAL LIABILITY

9.      Plaintiffs repeat and re-allege the allegations contained in paragraphs 1 through 8.

10.     At all relevant times, Defendant was a party to and bound by a series of collective

bargaining agreements with Local 1-D.

11.     Pursuant to these agreements, Defendant was obligated to pay, and in fact did pay, contributions to the Fund on behalf of employees covered by said agreement and was bound by the terms of the Trust Agreement governing the Fund and the Plan.

12.     According to the Plan's records, Defendant permanently ceased to have an obligation to contribute to the Fund as of February 1, 2023, because it ceased business operations.

13.     Pursuant to ERISA Section 4203(a), 29 U.S.C. § 1383(a), such permanent cessation of Defendant's obligation to contribute to the Fund constitutes "complete withdrawal" from the Plan.

14.     Pursuant to ERISA Section 4201, 29 U.S.C. § 1381, Defendant is obligated to pay withdrawal liability to the Plan for its proportionate share of the Plan's unfunded vested benefits.

15.     In accordance with ERISA Section 4211, 29 U.S.C. § 1391, and Article 9, Section 9.10 of the Fund's Trust Agreement (attached hereto as "Exhibit A"), the Fund's actuaries have calculated the present value of Defendant's withdrawal liability to be $954,677.

16.     By letter dated April 3, 2024 (attached hereto as "Exhibit B"), in accordance with ERISA Section 4219(b)(1), 29 U.S.C. § 1399(b)(1), the   Plan sent Defendant as well as its principals: a written notice of Defendant's withdrawal liability; the withdrawal liability report prepared by the Fund's actuaries; demand for payment of the withdrawal liability; and a payment schedule (collectively, "Notice & Demand"), via certified mail, according to which Defendant was obligated make 66 quarterly payments of  $23,130 and a final, 67th quarterly payment of $11,288, commencing on  June 2, 2024.

17.     The Notice & Demand letter addressed to Defendant at its business address was returned to sender, with a label from the United States Postal Service indicating that the business

address was vacant (attached hereto as "Exhibit C").

18.     The Notice & Demand letter addressed to Defendant's principal Shyda Gylmer at his home address was returned to sender, with a label from the United States Postal Service indicating that the business address was not deliverable as addressed.

19.     The Notice & Demand letter addressed to Defendant's principal Michael Yurch at his home address was returned to sender, with a label from the United States Postal Service indicating that delivery was attempted.

20.     The Notice & Demand letter addressed to Defendant's principal Michael Aaron, care of his attorney Michael Landis, Esq., was successfully delivered to the latter for final delivery on April 6, 2024.

21.     The Notice & Demand letter addressed to Defendant's principal Chris Adams at his home address was successfully delivered and left with an individual at that address on April 6, 2024.

22.     Defendant failed to make the initial quarterly payment of $23,130 due on June 2, 2024, and has not since made any payments to the Fund.

23.     On June 27, 2024, the Plan sent notice pursuant to 29 U.S.C. 1399(c)(5)(A) that Defendant was in default of the June 2, 2024 payment, and advising that if Defendant failed to cure the missed payments within 60 days thereof, the Plan would elect to accelerate the full unpaid liability and interest as provided by that section.

24.     Defendant was provided written notice of its withdrawal liability by way of service of the Notice and Demand under 29 U.S.C. § 1399(b)(1) on several of its principals, Aaron and Adams.  Regardless, to the extent Defendant would dispute service of the same, Defendant is also served Notice and Demand via proper service of this Complaint upon the New York Secretary of

State, as authorized by New York Civil Practice Laws and Rules § 311(a)(1) and New York Business Corporation Law §§ 304(a) and 306(b).

25.     In accordance with ERISA Sections 502(g)(2)(B) and 4301(b), 29 U.S.C. §§ 1132(g)(2)(B) and 1451(b), and 29 C.F.R. § 4219.32, and as provided by Article 9, Section 9.5(b) of the Fund's Trust Agreement, the Fund is entitled to receive interest at the rate of eighteen percent (18%) per annum on delinquent withdrawal liability payments from the date due to the date the delinquency is paid.

26.     In accordance with ERISA Sections 502(g)(2)(C),(D) and 4301(b), 29 U.S.C. §§ 1132(g)(2)(C),(D) and 1451(b), Defendant is obligated to pay the greater of liquidated damages in the form of twenty percent (20%) of the unpaid amount due and owing, or additional interest in the amount set forth above, plus costs and attorneys' fees.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiffs respectfully pray for judgment against Defendant:

A.     on its delinquent withdrawal liability payment in the amount of $23,130 pursuant to ERISA Sections 4219(c)(2) and 4301(b), 29 U.S.C. §§ 1399(c)(5) and 1451(b);

B.     if Defendant fails to cure its withdrawal liability payment delinquency within 60 days of receipt of the Plan's notice pursuant to 29 U.S.C. 1399(c)(5)(A) and thus defaults, acceleration on its total outstanding withdrawal liability of $954,677 pursuant to ERISA Sections 4219(c)(5) and 4301(b), 29 U.S.C. §§ 1399(c)(5) and 1451(b);

C.     interest at a rate of eighteen percent (18%) from the date due until the date on which judgment is entered;

D.     the greater of liquidated damages in the amount of twenty percent (20%) of its

outstanding withdrawal liability, or additional interest in an amount equal to the

interest described above;

E.      attorneys' fees and costs;

F.      and such other relief as the Court deems appropriate.


Dated: June 27, 2024
       Newark, New Jersey

                                        _/s/Raymond Baldino_
                                        Raymond Baldino, Esq.
                                        Attorney ID: 073952013
                                        rbaldino@zazzali-law.com

                                        **ZAZZALI, P.C.**
                                        570 Broad Street, Suite 1402
                                        Newark, New Jersey 07102
                                        (973) 623-1822
                                        Attorneys for Plaintiff