UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WINE, LIQUOR & DISTILLERY WORKERS' UNION, UFCW LOCAL 1-D PENSION FUND,<br><br>Plaintiff,<br><br>v.<br><br>SHERRY-LEHMANN, INC., D/B/A SHERRY-LEHMANN WINE & SPIRITS,<br><br>Defendant. | Civil Action No: 1:24-cv-04945-LGS<br><br><br><br>**DEFAULT JUDGMENT** |

WHEREAS, the Clerk of Court having noted the default of Defendant Sherry-Lehmann, Inc. ("Defendant"), and based upon the record in this action, Plaintiff's Memorandum of Law and accompanying Exhibits thereto, the Affidavit of Zachary F. Ramsfelder, Esq., and the applicable law, and Defendant having failed to appear at the show-cause hearing on October 9, 2024, it is hereby

ORDERED and ADJUDGED that Defendant be held liable to Plaintiff Wine, Liquor & Distillery Workers' Union, UFCW Local 1-D Pension Fund, in ~~the total amount of $1,216,749.14, plus per diem interest at the rate of $477.34 from September 4, 2024 until the date on which judgment is entered, as follows:~~ an amount to be determined by Magistrate Judge Sarah Netburn in a damages inquest.

    ~~1.    $954,677 in withdrawal liability;~~

    ~~2.    $42,960.46 in interest thereon;~~

    ~~3.    $190,935.40 in liquidated damages;~~

    ~~4.    $26,652.50 in reasonable attorney's fees; and~~

    ~~5.    $1,523.78 in costs.~~

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 18.

IT IS SO ORDERD.

Dated: October 10, 2024
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

"[A] defendant who defaults thereby admits all well-pleaded factual allegations contained in the complaint" but "a district court need not agree that the alleged facts constitute a valid cause of action." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011). "[A] district court is required to determine whether the plaintiff's allegations establish the defendant's liability as a matter of law." *Id.*

Subject-matter jurisdiction is proper, as Plaintiff brings its claim under federal law. Personal jurisdiction is also proper, as the Complaint alleges that Defendant is a New York corporation that has maintained its principal place of business in New York State.

The Complaint adequately alleges that Plaintiff is entitled to damages under ERISA. To state a claim for withdrawal liability under ERISA, a plaintiff must establish that the defendant (1) was required to contribute to a multi-employer plan; (2) withdrew from that plan; (3) was given proper demands for withdrawal liability payments; (4) failed to make those payments; and (5) never sought to challenge the amount of withdrawal liability through the initiation of arbitration proceedings. *Demopoulous v. Sweet Clover Farms Inc.*, 17 Civ. 7269, 2019 WL 13470576, at *4 (E.D.N.Y. Mar. 7, 2019). The Complaint alleges that Defendant was bound by a series of collective bargaining agreements with Plaintiff and that part of those agreements included contributions to a fund within the meaning of ERISA. *See* 29 U.S.C. §1002(3). The Complaint alleges that Defendant withdrew from that plan on February 1, 2023, when it ceased operations. The Complaint also alleges that Defendant was provided proper demands for withdrawal liability payments and that Defendant has failed to make those payments. The Complaint does not allege that Defendant has ever sought to challenge the amount of withdrawal liability through arbitration.

Default judgment is granted on Plaintiff's damages claim.