UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
WINE, LIQUOR & DISTILLER WORKERS'                           :
UNION, UFCW LOCAL 1-D PENSION FUND,                         :
                                         Plaintiff,   :         24 Civ. 4945 (LGS)
                                                            :
                    -against-                          :             **ORDER**
                                                            :
SHERRY-LEHMANN, INC.,                                       :
                                        Defendant.  :
                                                            :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

      WHEREAS, by Order dated October 10, 2024, Plaintiff was granted a default judgment against Defendant on Plaintiff's claim for unpaid withdrawal liability under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001-1461. Plaintiff's request for damages was then referred to Magistrate Judge Sarah Netburn for a damages inquest.

      WHEREAS, on February 27, 2025, Judge Netburn issued a Report and Recommendation (the "Report") recommending that Plaintiff be awarded $954,677.00 in unpaid withdrawal liability; interest on the unpaid withdrawal liability calculated at a rate of $470.80 per day, running from June 2, 2024, until the date a final judgment is entered; the higher of either (1) interest on delinquent payments in the amount of $470.80 per day since June 2, 2024, or (2) liquidated damages in the amount of $190,935.40; $31,125.00 in attorney's fees; $1,523.78 in costs and post-judgment interest.

      WHEREAS, the Report states that the parties "shall have fourteen days from the service of this Report and Recommendation to file written objections," and a "party may respond to another party's objections within fourteen days after being served with a copy."

      WHEREAS, Plaintiff's Certificate of Service at Dkt. No. 29 confirms that Defendant was served with the Report on July 31, 2025.

WHEREAS, no objection to the Report was filed.

WHEREAS, the Report's recommendation is based on findings that Plaintiff is owed $954,677.00 in unpaid withdrawal liability; interest of $470.80 per day beginning June 2, 2024; liquidated damages in an amount equal to the higher of (1) the interest on unpaid withdrawal liability or (2) 20% of the unpaid withdrawal liability, totaling $190,935.40; reasonable attorneys' fees; legal costs and post-judgment interest.

WHEREAS, in reviewing a magistrate judge's report and recommendation, a district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where neither party objects to a magistrate judge's report, the district court will review the report only for clear error. *Colvin v. Berryhill*, 734 F. App'x 756, 758 (2d Cir. 2018) (summary order); *accord Frankiewicz v. Manhattan Cryobank, Inc.*, No. 20 Civ. 5157, 2025 WL 1068825, at *1 (S.D.N.Y. Apr. 8, 2025) ("[W]here no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record.").

WHEREAS, there is no clear error on the face of the record with respect to the Report's recommendations as to unpaid withdrawal liability, interest on unpaid withdrawal liability, liquidated damages, costs and post-judgment interest.

WHEREAS, with respect to liquidated damages, the Report recommends that, pursuant to ERISA, 29 U.S.C. § 1132(g)(2)(C), and Article 9, Section 9.7(c) of the parties' Trust Agreement, Plaintiff be awarded the greater of either (1) interest on delinquent payments in the amount of $470.80 per day since June 2, 2024; or (2) liquidated damages equal to 20% of the unpaid contributions, totaling $190,935.40. The recommendation is adopted. As of the date of this judgment, the interest on delinquent payments totals $245,286.80, which is greater than $190,935.40. Accordingly, the former amount will be awarded.

WHEREAS, with respect to Plaintiff's requested attorneys' fees, there is an apparent typographical error with respect to the Report's recommendation that an hourly rate of $300 for associate Zachary F. Ramsfelder is reasonable, although Plaintiff did not object to this recommendation.  Plaintiff had requested an hourly rate of $325 for Ramsfelder, and the Report recommends a total fee award consistent with this request.  Because $325 is a reasonable hourly rate for Ramsfelder, this rate is used to calculate Plaintiff's fee award.

WHEREAS, district courts have "considerable discretion" in setting an hourly rate.  *Lilly v. City of New York*, 934 F.3d 222, 232 (2d Cir. 2019).  "[C]ourts should generally use the hourly rates employed in the district in which the reviewing court sits in calculating the presumptively reasonable fee." [1]  *Restivo v. Hessemann*, 846 F.3d 547, 590 (2d Cir. 2017).  The district court should consider the market rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation."  *Reiter v. MTA N.Y. City Transit Auth.*, 457 F.3d 224, 232 (2d Cir. 2006); *accord Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund v. Piccini MNM, Inc.*, No. 19 Civ. 5258, 2021 WL 1791591, at *4 (S.D.N.Y. May 5, 2021).  The district court should also evaluate "case-specific variables[,]" including the complexity of the matter being handled.  *Lilly*, 934 F.3d at 230-32.

WHEREAS, Ramsfelder graduated from law school in 2022.  At the time this litigation commenced, he had been practicing law for approximately two years.  Recent decisions in this District reflect that $325 is within the range of reasonable hourly rates for junior associates involved in similar matters.  *See Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund v. AAA Windows & Doors Corp.*, No. 25 Civ. 2646, 2025 WL 1898539, at *7 (S.D.N.Y. July 8, 2025)

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, footnotes and citations are omitted, and all alterations are adopted.

(finding $325 hourly rate to be reasonable in ERISA case for an attorney with three years' experience); *Access Bio, Inc. v. Div. 5 Labs, Inc.*, No. 23 Civ. 4820, 2024 WL 3084990, at *3 (S.D.N.Y. June 20, 2024) (stating that reasonable rates for junior attorneys involved in commercial litigation are typically less than $350). Therefore, $325 is a reasonable hourly rate for Ramsfelder.

WHEREAS, with respect to the hours Plaintiff expended in this action, the Report recommends finding that Plaintiff's requested number of hours, comprising 20.9 hours of legal work by partner Raymond M. Baldino, 2.9 hours of legal work by partner Andrew F. Zazzali, Jr. and 50.8 hours of legal work by associate Ramsfelder, is reasonable. Plaintiff's time records reflect that Baldino worked 26.6 hours on this matter, but because Plaintiff sought fewer hours in its proposed findings of fact and conclusions of law, Plaintiff is presumed to have applied a voluntary reduction to Baldino's time. *See, e.g.*, *Thomas R. v. Hartford Life & Accident Ins. Co.*, No. 21 Civ. 1388, 2025 WL 754123, at *7 (S.D.N.Y. Mar. 10, 2025) (acknowledging that a party may voluntarily reduce its requested fee award).

WHEREAS, Plaintiff's proposed calculation of attorneys' fees contained an apparent mathematical error, which the Report adopts. Plaintiff requested, and the Report recommends, a fee award of $31,125.00. However, applying a $500 hourly rate to Baldino's and Zazzali's time and a $325 hourly rate to Ramsfelder's time, based on the reasonable time expenditures of 20.9 hours for Baldino, 2.9 hours for Zazzali and 50.8 hours for Ramsfelder, yields a total attorneys' fee award of $28,410.00. This amount of attorneys' fees is reasonable and will be awarded. It is hereby

**ORDERED** that the Report and Recommendation is **ADOPTED** as modified. Plaintiff is awarded $1,475,184.38, consisting of (1) $954,677.00 in unpaid withdrawal liability; (2) interest on the unpaid withdrawal liability at a rate of $470.80 per day from June 2, 2024, to the date

hereof, totaling $245,286.80; (3) liquidated damages in the amount of $245,286.80; (4) $28,410.00 in attorney's fees and (5) $1,523.78 in costs.  It is further

**ORDERED** that Defendant shall pay post-judgment interest calculated from the date the Clerk of Court enters judgment in this action until judgement is satisfied, using the federal rate set forth in 28 U.S.C. § 1961.

The Clerk of Court is respectfully directed to enter judgment and close the case.

Dated: November 5, 2025
       New York, New York

                                            LORNA G. SCHOFIELD
                                          UNITED STATES DISTRICT JUDGE